```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF TEXAS
                            HOUSTON DIVISION

APOLLO PROPERTY PARTNERS, LLC      §
on behalf of DIAMOND HOUSTON I,    §
L.P.,                              §
                                   §
      Plaintiff,                   §
                                   §
v.                                 §     CIVIL ACTION NO. H-08-1803
                                   §
NEWEDGE FINANCIAL, INC.,           §
CALYON FINANCIAL, INC.,            §
SOCIETE GENERALE GROUP, and        §
CREDIT AGRICOLE S.A.,              §
                                   §
      Defendants.                  §
```

## MEMORANDUM AND ORDER

Before ruling on the pending motions,[1] the Court must examine its subject matter jurisdiction. After having considered the supplemental briefs on jurisdiction and the applicable law, the Court concludes that the case should be dismissed for want of subject matter jurisdiction.

### I. Background

Apollo Property Partners LLC ("Apollo") is a limited partner in and brings this derivative action on behalf of Diamond Houston

---

[1] Defendants' Motion to Dismiss (Document No. 19); Defendants' Motion to Strike Sections II and III of Apollo Property Partners LLC's Supplement on Jurisdiction (Document No. 36); Apollo Property Partners LLC's Motion for Leave to File Amended Complaint (Document no. 37); Apollo Property Partners LLC's Motion to Abate Proceedings (Document No. 38); and Defendants' Motion to Enforce Arbitration Order and Dismiss (Document No. 39).

I, L.P. ("Diamond LP"), against Newedge Financial Inc. ("Newedge Financial"), Calyon Financial, Inc. ("Calyon"), and Societe Generale Group ("SG"), collectively "Defendants," to recover funds of Diamond LP that Apollo alleges Defendants wrongfully accepted and invested.[2]

Apollo alleges that Rob Rubin, president of Diamond Houston Inc., the general partner of Diamond LP, entered into a Futures Account Agreement with Newedge Financial in 2005 in the name of Diamond LP.[3] The Futures Account subsequently suffered losses allegedly in excess of $1,000,000.[4] According to Apollo, when Defendants opened this account they failed to investigate, *inter alia*, Diamond LP's tax returns, financial statements, partnership agreement, or Rubin's authority to act on behalf of Diamond LP.[5] These failures, Apollo alleges, ran afoul of Defendants' duties imposed by Financial Industry Regulatory Authority ("FINRA") Rule 2310.[6] Therefore, Apollo seeks judgment against Defendants jointly and severally to pay Apollo, on behalf of Diamond LP, the amount that Diamond LP has lost in the Futures Account, plus expenses and

---

[2] *See* Document No. 1. Defendant Credit Agricole S.A. was dismissed pursuant to an unopposed oral motion on October 17, 2008. *See* Document No. 33.

[3] Id. ¶¶ 17-18.

[4] Id. ¶ 32.

[5] Id. ¶¶ 25-31.

[6] Id. ¶¶ 37-38.

attorneys' fees.[7]  Apollo alleges that it demanded Diamond LP itself sue Newedge Financial, but Diamond LP "wrongfully has refused" to do so.[8]  Thus, Apollo brings this derivative action.

At the Court's request, the parties have filed supplemental briefing on the Court's subject matter jurisdiction.[9]  Apollo asserts jurisdiction based on federal question and diversity.[10]  According to Apollo, there is federal question jurisdiction because a FINRA/NASD Rule was breached, and there is diversity jurisdiction because Diamond LP, on whose behalf Apollo is suing, is a citizen of Texas, Illinois, and Delaware; while Defendants are foreign entities.[11]  In addition, the Court inquired as to why Diamond LP was not named as a party to this case, and the parties proffered no explanation.

## II.  Discussion

"[F]ederal trial and appellate courts have the duty to examine the basis for their subject matter jurisdiction, doing so on their

---

[7] Id. ¶ 47.

[8] Id. ¶ 5.

[9] See Document No. 33; Document No 34; Document No. 35.

[10] See Document No 34.  Defendants also contend that there is federal question jurisdiction, and further that there might be diversity jurisdiction but are unsure because they were not sure of Plaintiff's citizenship.  Document No. 35.

[11] See Document No. 34 at 2-3.

own motion if necessary." <u>Torres v. S. Peru Copper Corp.</u>, 113 F.3d 540, 542 (5th Cir. 1997).

A.  <u>Federal Question Jurisdiction</u>

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The only "law" of the United States cited by Apollo in the Complaint is "SEC rule 2310,"[12] which the parties agree was intended to refer to FINRA/NASD Rule 2310.[13] FINRA, the successor to the National Association of Securities Dealers ("NASD"), is the self-regulatory organization responsible for the oversight of securities firms and brokers doing business with the public. FINRA creates internal rules of conduct governing its broker-dealer members. FINRA/NASD Conduct Rule 2310 provides:

> Recommendations to Customers (Suitability)[:] (a) In recommending to a customer the purchase, sale or exchange of any security, a member shall have reasonable grounds for believing that the recommendation is suitable for such customer upon the basis of the facts, if any, disclosed by such customer as to his other security holdings and as to his financial situation and needs. (b) Prior to the execution of a transaction recommended to a non-institutional customer . . . a member shall make reasonable efforts to obtain information concerning: (1) the customer's financial status; (2) the customer's tax status; (3) the customer's investment objectives; and

---

[12] *See* Document No. 1 ¶ 38.

[13] Document No. 19 at 17; Document No. 34; Document No. 35.

> (4) such other information used or considered to be reasonable by such member or registered representative in making recommendations to the customer.

As many courts have held, "a breach of NASD rules is simply a breach of a private association's rules, although that association is one which is closely related to the SEC[,] . . . [and] therefore[] does not present a question which arises under the laws of the United States." Lange v. H. Hentz & Co., 418 F. Supp. 1376, 1380-81 (N.D. Tex. 1976); *accord* Ford v. Hamilton Invs., 29 F.3d 255, 259 (6th Cir. 1994) ("A breach of the NASD rules does not present a question that arises under the laws of the United States within the meaning of 28 U.S.C. § 1331 . . . ." (citing Lange)); Porter v. Shearson Lehman Bros. Inc., 802 F. Supp. 41, 61-63 (S.D. Tex. 1992) ("Section 27 [15 U.S.C. § 78aa] omits the phrase 'rules of the exchange.' This Court agrees with Judge Friendly's opinion that 'by the omission Congress intended that there be conferred on the federal courts exclusive jurisdiction only for violation of rules developed under SEC authority' and not the rules created under dealer association authority." (quoting Colonial Realty Corp. v. Bache & Co., 358 F.2d 178 (2d Cir. 1966), and citing Lange)); 13D CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3563 n.13 (3d ed. 2008) ("A suit based on breach of the rules of fair trade adopted by the National Association of Security Dealers does not

arise under a law of the [United States]." (citing Lange)).[14]  The Court is persuaded by the great weight of authority that a breach of the FINRA/NASD rules constitutes a breach of a private association's rules but does not present a question arising under the laws of the United States within the meaning of § 1331.[15]  The

---

[14] *See also* Petrie v. Pac. Stock Exch., Inc., 982 F. Supp. 1390, 1395 (N.D. Cal. 1997) ("The rules of a securities exchange are generally considered to be contractual in nature and do not necessarily create a federal question." (discussing Lange)); Smith Barney, Inc. v. Painters Local Union No. 109 Pension Fund, 976 F. Supp. 1293, 1296 (D. Neb. 1996) (remanding the case because, *inter alia*, no federal question jurisdiction exists for a violation of NASD rules, citing Lange and Ford); Raymond James & Assoc. v. NASD, Inc., 844 F. Supp. 1504, 1507 (M.D. Fla. 1994) ("[T]he NASD rules themselves do not give rise to federal question jurisdiction." (citing Lange in *dicta*)); In re Application of Prudential Sec. Inc., 795 F. Supp. 657, 659 (S.D.N.Y. 1992) (remanding case for lack of subject matter jurisdiction: "NASD rules are established and enforced by a private association and do not give rise to federal question jurisdiction." (citing Lange)); 69A AM. JUR. 2D SECURITIES REGULATION § 879 (2008) ("Jurisdiction in some securities cases is based on the general federal question statute as well as on the federal securities laws. However, neither SEC orders nor the rules of national securities associations are 'laws of the United States' that confer jurisdiction under that statute." (citing Lange, footnotes omitted)); 29A FEDERAL PROCEDURE, LAWYERS EDITION § 70:354 (2008) (same); *compare* Lowe v. NASD Reg., Inc., No. 99-1751, 1999 WL 1680653, at *3 (D.D.C. 1999) (finding that a violation of NASD *rules by NASD itself* invokes federal question jurisdiction because 15 U.S.C. § 78s(g)(1) requires self regulatory organizations such as NASD to "comply with the provisions of this chapter, the rules and regulations thereunder, and *its own rules* . . . .") (emphasis added)).

[15] Apollo cites Wolfson v. Baker for the proposition that a private right of action exists under the NYSE's 'Know Your Customer' rule, and therefore argues that a private right of action exists here.  444 F. Supp. 1124 (S.D. Fla. 1978), *aff'd*, 623 F.2d 1074 (5th Cir. 1980).  The district court in Wolfson determined that a "reckless disregard of the duty imposed by Rule 405 is sufficient to sustain a cause of action for a breach of that rule," and therefore denied the defendants' Rule 12(b)(6) motion to

Rules, as argued by Apollo, are evidence of the standard of conduct by which the actions of brokers are judged for the purposes of negligence actions; they do not, however, generally give rise to federal jurisdiction.[16]  In this case, FINRA/NASD Rule 2310 is not a basis for federal question jurisdiction under § 1331.

B.   Diversity Jurisdiction

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state . . . ."  28 U.S.C. § 1332(a)(2).  "For the purposes of section 1332(a)(2) complete diversity is required."  Chick Kam Choo v. Exxon Corp., 764 F.2d 1148, 1151 (5th cir. 1985) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)).  A limited

---

dismiss.  The district court granted summary judgment to the defendants, however, because the plaintiff's knowledge of the facts and the law placed him *in pari delicto* with the defendants and precluded him from recovery.  In affirming on this issue, the Fifth Circuit wrote:  "Because we hold that the district court properly applied the in pari delicto defense to bar Wolfson's claim under the circumstances of this case, *we need not and do not decide whether an implied federal cause of action exists for a breach of NYSE Rule 405*."  Wolfson, 623 F.2d at 1081-82 (emphasis added).  Indeed, a great number of cases and authorities have held in similar circumstances that rules adopted by a private association such as NYSE, NASD, or FINRA, do not create causes of action over which there is federal jurisdiction under § 1331.  *See supra* note 14 and accompanying text.

[16] Document No. 34 at 7.

partnership is an indispensable party to a derivative action brought by a limited partner to enforce the rights of the partnership, and moreover "[t]he inquiry into the existence of complete diversity requires considering the citizenship even of absent indispensable parties." Bankston v. Burch, 27 F.3d 164, 167-69 (5th Cir. 1994). "[T]he federal courts have established the rule that . . . the corporation is to be aligned as a party defendant, and federal diversity jurisdiction is determinable in accordance with that alignment, where, with respect to the claim sought to be enforced by the stockholder's derivative suit, the corporation is 'antagonistic' to the stockholder." R.D. RUSH, DIVERSITY OF CITIZENSHIP FOR PURPOSES OF FEDERAL JURISDICTION IN STOCKHOLDERS' DERIVATIVE ACTION, 68 A.L.R. 824 § 8[a]; 13B WRIGHT, *supra* § 3607 (2d ed. 1984) (citing City of Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co., 25 S. Ct. 420, 421 (1905)); *see also* 7C WRIGHT, *supra* § 1822 (3d ed. 2007). Antagonism is determined "on the face of the pleadings and by the nature of the controversy," and exists in any situation where "management is aligned against the stockholder and defends a course of conduct which he attacks." Smith v. Sperling, 77 S. Ct. 1112, 1115 (1957). In other words, "if the controlling stockholders or management of the corporation oppose the plaintiff shareholder and his lawsuit, the corporation is aligned as a defendant. On the other hand, if the suit is brought by the controlling stockholders or management, the

8

corporation is then realigned as a plaintiff." Crouch v. French Riviera Health Spa, Civ. A. No. 95-1023, 1995 WL 405700, at *1 (E.D. La. July 7, 1995) (citing Sperling, 77 S. Ct. at 1114-15; Swanson v. Traer, 77 S. Ct. 1116 (1957); Liddy v. Urbanek, 707 F.2d 1222, 1224-25 (11th Cir. 1983)).

Apollo alleges in its Complaint that Diamond L.P. "wrongfully has refused" to seek redress from Defendants. Document No. 1 ¶ 5. Moreover, the Complaint accuses Diamond LP's general partner, Diamond Inc., and its president, Rubin, of acting in concert with Newedge Financial in committing the alleged wrongful acts. Id. ¶¶ 19-21. Thus, Apollo and Diamond LP are antagonistic, and so Diamond LP is properly realigned as a defendant. Citizenship of a limited partnership depends on the citizenship of all its partners. Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 856 n.3 (5th Cir. 2003). Because Apollo is Plaintiff and Diamond LP necessarily must be realigned as a defendant, it follows that complete diversity of citizenship is absent because Diamond LP's citizenship includes the citizenship of Apollo--whatever it may be. *See* Bankston, 27 F.3d at 168-69 (remanding case to state court where indispensable limited partnership was antagonistic to suing limited partner, thereby destroying diversity); *see also* Gabriel v. Preble, 396 F.3d 10, 10-15 (1st Cir. 2005) (affirming district court's aligning an indispensable business entity in a derivative suit as a defendant where the managers opposed suit, and dismissing

for want of subject matter jurisdiction). Accordingly, this Court also lacks diversity jurisdiction, and thus, subject matter jurisdiction.

### III. Order

Accordingly, it is

ORDERED that Apollo Property Partners LLC's claims on behalf of Diamond Houston I, L.P. against Newedge Financial, Inc., Calyon Financial, Inc., and Societe Generale Group are hereby DISMISSED for lack of subject matter jurisdiction without prejudice to the claims being refiled in state court.[17]

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 20th day of March, 2009.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[17] Defendants' Motion to Enforce Arbitration Order and Dismiss Case (Document No. 39) is also DISMISSED for lack of jurisdiction. *Cf.* Shirley v. Maxicare Tex., Inc., 921 F.2d 565, 568 (5th Cir. 1991) (citing with approval Dorn v. Dorn's Transp., Inc., 562 F. Supp. 822, 824 (S.D.N.Y. 1983), in which the district court dismissed a petition to confirm an arbitration award where there was neither diversity of citizenship nor subject matter jurisdiction based on a federal statute other than the Federal Arbitration Act); 13D WRIGHT, *supra* § 3569 nn.20-26 (3d ed. 2008) and accompanying text (the FAA does not itself provide an independent basis for subject matter jurisdiction).

10